**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 09-CV-014-JBC

MICHAEL RAY SMITH                                                    PLAINTIFF

VS:                    <u>**MEMORANDUM OPINION AND ORDER**</u>

JAMES B. HAGGIN MEMORIAL HOSPITAL                        DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Plaintiff, who gives an address in Danville, Kentucky, brings this action *pro se* and, purportedly, pursuant to 42 U.S.C. § 1983.  He has also filed a Motion to Proceed *in forma pauperis*, a Motion which the Court will grant below.

The Complaint is now before the Court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in the *pro se* litigant's complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.  28 U.S.C. § 1915(e)(2)(B).

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's initial documents consist of the motion for pauper status and a stack of

documents from previous actions in both State court and in this Court. The top document on the stack is construed as the complaint. It is captioned for this Court, but is otherwise styled for a Kentucky state court, being titled "(TITLE IX) CLAIM APPEALED FORM BOYLE CIRCUIT COURT CIVIL ACTION NO. 08-CI-100409," and also labeled an "APPEAL."

In the body of the initial pleading, Smith complains of the action of the Defendant hospital's Attorney, who filed a motion to dismiss for failure to state a claim, and the ruling by Judge Peckler, who granted the motion on December 3, 2008, dismissing the Plaintiff's action, purportedly with prejudice, despite actual knowledge of its meritorious nature. He alleges that the Haggin Memorial Hospital is guilty of malicious prosecution, gross negligence, invasion of privacy, intentionally causing Plaintiff severe mental and emotional distress, and he demands one million dollars in damages.

Other attachments are pleadings from the same Boyle Circuit Court case and most have the Plaintiff's underlining or printed words on them. One document is different. It is a copy of the Judgment which this Court issued on August 13, 2007, in *Michael Ray Smith v. Stacy Smith, et al.*, Lex. No. 07-CV-242-JBC, in which the Haggin Hospital and some doctors were named as Defendants. This Court dismissed the HIPAA and the Eighth and Fourteenth Amendment claims with prejudice and dismissed the state tort claims of gross negligence, malicious prosecution and invasion of property without prejudice.

Perhaps Smith then filed the dismissed state tort claims in the State's Boyle Circuit Court and these are the claims which were dismissed on the December 3, 2008. Then, perhaps, it is the dismissal of these claims which Plaintiff is trying to appeal in this case.

**DISCUSSION**

2

Plaintiff and his causes are not strangers to this Court.  In the time just since 2000, he has filed 15 cases, the majority of which were dismissed for failure to state a claim.  In addition to No. 07-CV-242-JBC, see *Smith v. N.C.I.C.*, No. 06-CV-132-KSF (purported Section 1983 proceeding summarily dismissed as barred by the applicable statute of limitations).

In *Smith v. Peckler*, Lex. 05-CV-190-KSF, the Court specifically advised this Plaintiff that his appeal of other actions cannot come to this Court, and the Court explained why, as follows:

> The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over claims alleging that a state court made an erroneous decision.  Under *Rooker-Feldman*, a federal district court is without jurisdiction to consider an appeal of a previously state-court-decided issue. As the plaintiff seeks for this federal district court to reconsider the outcomes of his state court proceedings, which are matters that have already been entertained by at least one Kentucky state court, the plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  *Dosher v. Menifee Circuit Court*, 75 Fed.Appx. 996, 2003 WL 22220534 (6th Cir. (Ky.)) (unpublished); *Evans v. Franklin County Court of Common Pleas, Division of Domestic Relations*, 66 Fed.Appx. 586, 2003 WL 21259704 (6th Cir. (Ohio)) (unpublished); *Partridge v. Ohio*, 79 Fed.Appx. 844, 2003 WL 22474620 (6th Cir. (Ohio)) (unpublished); *Evans v. Klaeger*, 12 Fed.Appx. 326, 2001 WL 700825 (6th Cir. (Ohio)) (unpublished); *Evans v. Yarbrough,* 238 F.3d 420, 2000 WL 1871706 (6th Cir. (Ohio)) (unpublished); *Hyland v. Porter*, 145 F.3d 1331, 1998 WL 152938 (6th Cir. (Mich.)) (unpublished); *McPherson v. Vandlen*, 129 F.3d 1264, 1997 WL 693074 (6th Cir. (Mich.)) (unpublished).

*Smith*, 05-CV-190-KSF at D.E. 8, p.3-4.  In short, the instant Plaintiff has been told not to do exactly what he has done here, filing an appeal of a state court decision in the federal district court.  Yet he has done so again.  This Court will dismiss such an improper appeal again.

Additionally, this Plaintiff has a history of filing frivolous complaints.  In 2006, the

Court dismissed all but one claim in a complaint for the Plaintiff's failure to state a cognizable claim.  *See Smith v. Kentucky Fried Chicken*, No. 06-CV-426-JBC.  In its Order of January 18, 2007, the Court cautioned Smith that his *pro se* status "does not grant him an unfettered license to wage an endless campaign of harassment against the defendants or to abuse the judicial process . . .  District courts possess the power to impose sanctions," including monetary penalties and permanent injunctions against filing civil lawsuits.

In *Smith v. Smith, et al.*, 07-242-JBC, the final Memorandum Opinion and Order which accompanied the Judgment refers to the Plaintiff's "frivolous filings."  Further, in the same Order, Smith was "cautioned *for the last time* that further harassing or abusive conduct will result in the imposition of such sanctions as the Court finds appropriate, including the denial of pauper status in future cases or the imposition of financial penalties."  *Id*. at D.E. 7 (emphasis added).

It is now time for curbing this Plaintiff's behavior.  Where a litigant has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . .'", the Court may enter an order prospectively denying *in forma pauperis* status and direct the Clerk of the Court to return unfiled any complaint or petition submitted by the litigant unless accompanied by the appropriate filing fee.  *Reneer v. Sewell*, 975 F.2d 258,260-61 (6th Cir. 1992).

Consistent with the foregoing law and with the instant Plaintiff's behavior in this Court, action will be taken to limit Plaintiff's opportunities to continue to abuse the judicial

process.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Plaintiff's Motion to Proceed herein *in forma pauperis* [Record No. 3] is **GRANTED,** but he is advised to read carefully the sanctions imposed below.

(2)     This action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant hospital.

(3)     Because Michael Ray Smith has a history of filing frivolous complaints and has continued to file them despite being forewarned of the consequences for such conduct, he will not be permitted to bring a civil action hereafter, **UNLESS** he files with his complaint either (a) the District Court filing fee or (b) a Motion to proceed *in forma pauperis* (EDKy 519) *and also* a Motion for the Court's permission to initiate another civil action.

(4)     The Clerk of the Court is directed that should Michael Ray Smith present a complaint or other initiating document without the district court filing fee or should Michael Ray Smith present a complaint or other initiating document without both a motion to proceed *in forma pauperis* (EDKy  519) *and also* a motion for the Court's permission to initiate another civil action, the Clerk shall return the tendered documents to Smith.  If Michael Ray Smith's complaint is presented with the district court filing fee or with both a motion to proceed *in forma pauperis* (EDKy  519) *and also* a motion for the Court's permission to bring another action, then and only then may his purported complaint be filed in this Court.

5

Signed on  February 16, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6